**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:**

KRISTOPHER YEARTY,

    Plaintiff(s),

v.

THE FULLVIEW CORPORATION
d/b/a WESTAFF, a Florida corporation,

    Defendants.

_____/

**COMPLAINT**

Plaintiff, KRISTOPHER YEARTY ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files his Complaint against Defendant, THE FULLVIEW CORPORATION d/b/a WESTAFF ("WESTAFF" or "Defendant"), on behalf of himself, and alleges:

**INTRODUCTION**

1. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to seek redress of Defendant's violations of the FLSA against this Plaintiff, during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. Defendant, FULLVIEW CORPORATION d/b/a WESTAFF, is a Florida corporation, authorized to do business in the State of Florida, with a principal place of business at 419

West 49th Street, Suite 104, Hialeah, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant was Plaintiff's employer and was vested with the authority to hire, fire, and discipline, any and all employees, including Plaintiff. Furthermore, during all times material hereto, Defendant determined, approved, and administered the payroll practices, including the issuance of payment for Plaintiff and all similarly situated employees.

5. Defendant was Plaintiff's joint employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein. Defendant supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

6. During all times pertinent hereto, Plaintiff was dependent upon Defendant for his employment, as Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of their business objectives.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

8. Jurisdiction is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, WESTAFF, operates a staffing agency in Hialeah, Florida that employs hundreds of individuals in a variety of manual labor fields.

## FLSA Coverage

11. During all times material hereto, WESTAFF was covered under the FLSA through enterprise coverage, as WESTAFF was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, WESTAFF employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: computers, electronic monitors, telephones, paper goods, invoice sheets, office supplies, pens, office chairs, printers, and other office materials.

12. Plaintiff's work for WESTAFF was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with cargo and goods that had traveled in interstate commerce utilizing telephones, machinery, materials, and supplies.

13. Upon information and belief, Defendant, WESTAFF, grossed or did business in excess of $500,000.00 during the year of 2018, and on information and belief, is expected to gross in excess of $500,000.00 in 2019.

## Plaintiff's Work for Defendants

14. In or about March 30, 2019, Plaintiff began working for Defendant as a non-exempt employee and assisted with warehouse services.

15. Plaintiff continued his employment with Defendants until on or about the end of April 2019.

16. During Plaintiff's employment, Plaintiff worked an average of forty (40) hours per week.

17. Plaintiff's regular hourly rate during his employment was ten dollars ($10.00) per hour.

18. Defendant failed to compensate Plaintiff for at least forty (40) hours of work during Plaintiff's last week of employment.

19. Defendant failed to compensate Plaintiff at the required federal minimum wage rate.

20. The wage violations committed by Defendant were willful and/or intentional, as Defendant knew of the minimum wage and overtime requirements of the FLSA and recklessly or intentionally failed to compensate Plaintiff in accordance with such requirements.

21. On information and belief, Defendant failed to properly maintain records of hours actually worked by Plaintiff, and other similarly situated employees.

22. Defendant hired Plaintiff to work, controlled the hours worked and responsibilities and duties performed by Plaintiff, and is liable for the FLSA violations alleged herein.

23. Plaintiff is not otherwise exempt from FLSA coverage.

24. Prior to filing his Complaint against Defendant, Plaintiff submitted written pre-suit notice to Defendant in an effort to avoid the pursuit of his claim in federal court but Defendant ignored this correspondence thus requiring the filing of this action.

25. As a result of the intentional and willful conduct alleged herein, Plaintiff has been required to retain the undersigned law firm and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims under the FLSA.

## COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – *29 U.S.C. § 206*

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the FLSA, *29 U.S.C. § 216(b)*.

28. Plaintiff is entitled to recover the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week.

29. Accordingly, Plaintiff claims the federal minimum wage in the amount of at least $7.25 per hour for all hours worked at or below forty (40) per week during his period of employment with Defendants.

30. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, KRISTOPHER YEARTY, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, THE FULLVIEW CORPORATION d/b/a WESTAFF, and award Plaintiff: (a) double unpaid minimum wages as provided by the FLSA to be paid by the Defendant; (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KRISTOPHER YEARTY, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 29th day of May, 2019.**

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Kristopher Yearty*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Jill@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*
*Mike@usaemploymentlawyers.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 29th day of May, 2019.

        By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**